UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-00148-BR

| | |
|---|---|
| MAINSTREAM CONSTRUCTION GROUP, INC., ) ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| DOLLAR PROPERTIES, LLC, ) | |
| Respondent. ) | |

This matter is before the court on Respondent Dollar Properties, LLC's ("Dollar") Motion to Dismiss Petitioner Mainstream Construction Group, Inc.'s ("Mainstream") Petition to Compel Arbitration. Mainstream filed a response in opposition, to which Dollar replied. The motion is ripe for disposition.

## I. BACKGROUND

The dispute underlying this matter stems from the construction of two Dollar General Stores in eastern North Carolina. On 12 December 2007, Mainstream (as general contractor) and Dollar (as owner) entered into a contract for the construction of a Dollar General Store located at 7460 Albert Street, Dublin, North Carolina (hereafter the "Dublin Project"). (Pet. at 2). On 10 January 2008, Mainstream and Dollar entered into another contract, one for the construction of a Dollar General store located at 1745 Southport Supply Road Southeast, Bolivia, North Carolina (hereafter the "Supply Project"). (*Id.*). Both contracts between Dollar and Mainstream contain arbitration clauses. Those clauses state that "[a]ny Claim arising out of or related to the Contract . . . shall . . . be subject to arbitration." (*Id.*).

Mainstream and Dollar are defendants in a case pending in the Superior Court of Edgecombe County, North Carolina, and brought by Barnhill Contracting Co. ("Barnhill"), a

subcontractor, seeking damages for amounts allegedly owed for work provided in the construction of the Supply Project. (Pet. at 3-4). Another defendant in that case, who is also a subcontractor, Circle Bar T. Demolition & Grading, Inc. ("Circle Bar T."), has filed cross claims against Mainstream seeking damages for work related to the Dublin and Supply Projects and also filed a cross claim against Dollar seeking damages for work related to the Supply Project. (Mot. Dismiss at 2-3 & Ex. 5 at 3-7 (copy of answer and crossclaims)). On 17 September 2009, Mainstream filed the instant Petition to Compel Arbitration against Dollar.

## II. DISCUSSION

Dollar contends that both Circle Bar T. and Barnhill are necessary parties who should be joined in this proceeding and, alternatively, if joinder is not feasible, then the court should dismiss the Petition to Compel Arbitration. Dollar filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join required parties under Rule 19.

The party making the Rule 12(b)(7) motion bears the burden of showing that required parties have not been joined. See American Gen. Life and Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005); Hughes v. Bank of Am., No. 5:07CV00109, 2008 U.S. Dist. LEXIS 65310, at *3-4 (W.D. Va. Aug. 26, 2008). "To satisfy this burden, [the moving party] may present evidence outside the pleadings, such as affidavits of persons knowledgeable about the party's interest, and the Court may consider such evidence, as well as evidence of existing alternative state remedies." Hughes, at *4; see also 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (3d ed. 2007) (in considering a Rule 12(b)(7) motion to dismiss, a district court "is not limited to the pleadings").

Federal Rule of Civil Procedure 19 provides in relevant part:

2

> (a) Persons Required to Be Joined if Feasible.
>> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. . . .
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. . . .

To determine whether joinder is appropriate under this rule, the court must examine: "(1) whether the party is 'necessary' to the action under Rule 19(a); and (2) whether the party is 'indispensable' under Rule 19(b)." <u>Wood</u>, 429 F.3d at 92 (citation omitted). "If a party is not 'necessary,' the inquiry ends there." <u>Kepler Processing Co. v. New Mkt. Land Co.</u>, No. 5:08-cv-00040, 2008 U.S. Dist. LEXIS 77714, at *17 (S.D. W. Va. Oct. 2, 2008) (citation omitted). "'Only necessary [parties] can be indispensable[.]'" <u>Id.</u> at *18 (quoting <u>Schlumberger Indus.,</u>

3

Inc. v. Nat'l Sur. Corp., 36 F.3d 1274, 1285-86 (4th Cir. 1994) (alterations in original)).

To determine whether Circle Bar T. and Barnhill are necessary parties, the court initially examines under Rule 19(a)(1)(A) whether complete relief can be accorded in their absence. "When addressing Rule 19(a) in the context of an action to compel arbitration . . . a 'district court can grant all the relief sought . . . – an order compelling arbitration– regardless of whether [all parties to the underlying dispute] are present.'" Kepler Processing, at *15-16 (quoting Doctor's Assocs., Inc. v. Distajo, 66 F.3d 438, 446 (2d Cir. 1995)) (some alterations in original). Here, Mainstream requests the court to order that arbitration proceed (or determine the existence of the arbitration agreements and order arbitration if valid agreements exist) and retain jurisdiction to enter a decree on costs, attorney's fees, and interest. (Pet. at 4-5). This relief is dependent upon whether there is an agreement to arbitrate and, if so, whether there is a breach of that agreement. See Wood, 429 F.3d at 87; Kepler Processing, at *8. Because Dollar and Mainstream are the only parties needed to resolve these issues, the court may afford complete relief without the presence of Barnhill or Circle Bar T.

Furthermore, under Rule 19(a)(1)(B) neither Circle Bar T. nor Barnhill asserts an interest in the subject matter of this action. See Wood, 429 F.3d at 92. Both Circle Bar T. and Barnhill are aware of this action, (see Pet. at 6 (certificate of service)), but have not manifested any indication that either will be prejudiced or otherwise harmed should arbitration proceed without them.

Dollar devotes some of its argument to whether Circle Bar T. and/or Barnhill can be forced to arbitrate. (See Mem. Supp. Mot. Dismiss at 5-6; Reply at 3-4). Dollar claims that the contract between Circle Bar T. and Mainstream incorporates by reference the arbitration

4

provision in the contract between Mainstream and Dollar. (Reply at 4). Assuming that Circle Bar T. could be compelled to arbitrate any dispute it has with Mainstream and/or Dollar does not, in and of itself, lead to the conclusion that Circle Bar T. is a necessary party under Rule 19(a). Dollar acknowledges there "does not appear [] any basis exists to conclude that Barnhill should be bound to arbitrate . . . ." (Mem. Supp. Mot. Dismiss at 6). However, Dollar suggests limited discovery on this issue is appropriate. (Id.) As previously recognized, the issues in this action are whether there is an agreement to arbitrate between the parties, that is Mainstream and Dollar, and whether there has been a breach of that agreement, that is whether Dollar has refused to arbitrate. These being the only issues, the court reiterates that complete relief can be accorded in this action between Mainstream and Dollar, and it is not evident that prejudice will result in the court resolving these issues in the absence of Circle Bar T. and Barnhill. Accordingly, Circle Bar T. and Barnhill are not necessary parties under Rule 19(a).

### III. CONCLUSION

For the reasons set forth above, Dollar's Motion to Dismiss Mainstream's Petition to Compel Arbitration is DENIED. Dollar shall file an answer to the Petition within 14 days of the date this order is filed.

This 20 May 2010.

W. Earl Britt
Senior U.S. District Judge

5

Case 7:09-cv-00148-BR   Document 23   Filed 05/20/10   Page 5 of 5